UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TASHYA A. CARTER, Individually and On Behalf of All Others Similarly Situated, | : : : : | Civil Action No.:_____ |
| Plaintiff, | : : | CLASS ACTION COMPLAINT |
| vs. | : : | JURY TRIAL DEMANDED |
| WINDHAM PROFESSIONALS, INC., A MASSACHUSETTS CORPORATION, | : : : |  |
| Defendant. | : : : |  |

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Tashya A. Carter ("Plaintiff"), by and through her undersigned counsel, sues Defendant Windham Professionals, Inc., a Massachusetts corporation ("Defendant" or the "Company"), and alleges as follows:

**NATURE OF ACTION**

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b) where Defendant's principal place of business is in this State and this District.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Dallas.

5. Plaintiff is obligated, or allegedly obligated, to pay a debt due a creditor other than Defendant, namely the Pennsylvania Higher Education Assistance Agency ("PHEAA"), and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a. The debt that Plaintiff is alleged to have incurred is related to a student loan that Plaintiff allegedly borrowed in or about 1993 (the "Student Loan Debt"). It was and is Plaintiff's understanding that the loan at issue was paid, in full, over fifteen years ago.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a.

7. Defendant is a Massachusetts corporation with principal offices situated at 600 West Cummings Park, Woburn, MA 01801. Defendant may be served through its registered agent Corporation Service Company, 84 State Street, Boston, MA 02109.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a.

**FACTUAL ALLEGATIONS**

10. On April 3, 2013, Defendant initiated, or caused to be initiated, a telephone call to Plaintiff's telephone line, and left the following message:

> This message is for Tashya Carter. My name is Tony calling from Windham. I need a call back at 1-877-726-0060. My extension is 2277. Thank you.

11. On May 24, 2013, Defendant, as agent for PHEAA, began garnishing Plaintiff's wages to pay the Student Loan Debt.

12. Defendant did not provide Plaintiff with thirty days advance written notice of the garnishment, as required by 20 U.S.C. § 1095(a)(2).

13. On that same day, Plaintiff called PHEAA to inquire as to why her wages were being garnished. PHEAA directed Plaintiff to call Defendant.

14. Thereafter, Plaintiff called Defendant to inquire as to why her wages were being garnished, and spoke with Defendant's employee, "John."

15. During the May 24, 2013 call, John called Plaintiff an "idiot," and a "moron," and told Plaintiff she was "stupid" for letting her loan go into default. During that call, and as a result of Defendant's offensive and outrageous conduct, Plaintiff felt demeaned and humiliated, and began to cry. John eventually hung up on Plaintiff when she continued to protest the wage garnishment and the validity of the alleged debt.

16. Thereafter, on June 5, 2013, Plaintiff spoke to Defendant's employee, "Mark," who supposedly was John's supervisor.

17. Plaintiff told Mark that John had called her rude and insensitive names and that Defendant was unlawfully garnishing Plaintiff's wages. Plaintiff further told Mark that the law required Defendant to provide Plaintiff with the opportunity to rehabilitate the Student Loan Debt.

18. Mark acknowledged that Defendant was required by law to offer Plaintiff the option to rehabilitate the Student Loan Debt. Mark then advised Plaintiff that if she agreed to pay $50.00 per month for nine months, Defendant would stop the wage garnishment, and the Student Loan Debt would be rehabilitated when the payments were completed.

19. Though Plaintiff did not believe that she owed the Student Loan Debt and believed that the alleged debt was illegitimate, she did not want Defendant to continue garnishing her wages.

20. As such, on the June 5, 2013 call, Plaintiff provided Defendant's employee Mark with her credit card number so that Defendant could start charging Plaintiff the $50.00 monthly charge, and rehabilitate the Student Loan Debt.

21. On that same day, Defendant charged $50.00 to Plaintiff's credit card.

22. Thereafter, Plaintiff's employer received correspondence from PHEAA dated June 6, 2013 stating that PHEAA had reached an agreement with Plaintiff with regard to the Student Loan Debt, and that Plaintiff's employer was to immediately suspend withholding with regard to the Student Loan Debt. The June 6, 2013 correspondence from PHEAA directed Plaintiff's employer to contact Defendant if it had any questions.

23. On July 10, 2013, Defendant sent written correspondence to Plaintiff with regard to the "Student Loan Debt" advising Plaintiff that her "post-dated transaction, for the amount agreed upon, [would] be deposited in not more than ten (10) business days and not less than three (3) business days …" The July 10, 2013 correspondence presumably related to the agreement that Plaintiff made with Defendant to pay $50.00 per month by credit card on the Student Loan Debt.

24. On or about July 23, 2013, an employee of Defendant called Plaintiff and advised her that she needed to pay the Student Loan Debt. Plaintiff protested, stating that she had already agreed to pay the Student Loan Debt, and had already provided Defendant with her credit card information.

4

Plaintiff also advised Defendant that she had retained a law firm with regard to the Student Loan Debt, that the law firm was named Weisberg & Meyers, LLC, and that Defendant was to call her attorney, and not to call her again.

25. On July 31, 2013, with knowledge that Plaintiff was represented by counsel with regard to the Student Loan Debt, Defendant initiated, or caused to be initiated, a telephone call to Plaintiff's telephone line, in an effort to collect from Plaintiff the Student Loan Debt, and left the following message:

> Yeah hi Ms. Carter. This is John calling over at Windham. If you could please return the call. 877-726-0060, extension 2531. Thank you.

26. On August 5, 2013, with knowledge that Plaintiff was represented by counsel with regard to the Student Loan Debt, Defendant initiated, or caused to be initiated, a telephone call to Plaintiff's telephone line, in an effort to collect from Plaintiff the Student Loan Debt, and left the following message:

> This message is for Tashya Carter. Tashya my name is Kimberly. I'm calling from Windham Professionals regarding a personal business matter that's been in my office. I have been trying to get in contact with you. This is a time sensitive matter. In order to resolve it, we do need to be in contact with each other. My phone number is 1-877-752-9142 at extension 2448. Thank you.

27. With knowledge that Plaintiff was represented by counsel with regard to the Student Loan Debt, Defendant has made numerous additional calls to Plaintiff in an attempt to collect the Student Loan Debt, including on August 1, 2013, August 8, 2013 and August 12, 2013. Upon information and belief, Defendant has also left additional messages on Plaintiff's telephone line, other than those set forth herein, wherein it failed to disclose that it was a debt collector calling to collect a debt.

28. The information with regard to any additional phone calls made to Plaintiff not specifically delineated herein is contained within the records of Defendant.

29. Upon information and belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages/voice recordings with and/or for consumers where it fails to disclose that it is a debt collector calling to collect a debt.

30. Upon information and belief, Defendant, as a matter of pattern and practice, communicates directly with consumers whom it knows to be represented by counsel with regard to the alleged debts that it is trying to collect.

31. Defendant's conduct has caused Plaintiff personal humiliation, embarrassment, mental anguish, and emotional distress.

## CLASS ACTION ALLEGATIONS

32. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of two Classes consisting of:

### The Disclosure Class

All persons located in the United states who, within one year before the date of this lawsuit, received a voice message/voice recording from Defendant in connection with an attempt to collect any purported consumer debt where the caller failed to identify that she/he was a debt collector and/or failed to identify that he/she was calling to collect a debt.

### The Contact Class

All persons located in the United States who, within one year before the date of this lawsuit, were contacted directly by Defendant after Defendant was notified that such person was represented by counsel.

Excluded from the Classes is Defendant, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

33. The proposed classes are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained

through appropriate discovery. The proposed classes are ascertainable in that the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

34. Plaintiff's claims are typical of the claims of the members of the Classes because all claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

36. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Classes. Among the issues of law and fact common to the Classes are:

    a. Defendant's violations of the FDCPA as alleged herein;

    b. the existence of Defendant's identical conduct particular to the matters at issue;

    c. the availability of statutory penalties; and

    d. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692d(6)

37. Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained herein.

38. 15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*      \*      \*

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

39. In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

40. As such, Defendant violated 15 U.S.C. §1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15. U.S.C. §1692d(2)

41. Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained herein.

42. 15 U.S.C. §1692d(2) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*      \*      \*

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

43. In calling Plaintiff an idiot, a moron and stupid, Defendant used language the natural consequence of which was to harass Plaintiff.

44. As such, Defendant violated 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse or harass Plaintiff.

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692e(11)

45. Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained herein.

46. 15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

47. In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

48. As such, Defendant violated 15 U.S.C. §1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

### COUNT IV: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692c(a)(2)

49. Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained herein.

50. 15 U.S.C. § 1692c(a)(2) provides:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –... (2) if

the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

51. Defendant knew, at the latest, by late-July 2013, that Plaintiff was represented by counsel with regard to the Student Loan Debt.

52. Defendant did not have prior consent from Plaintiff or the express permission of a court of competent jurisdiction to contact Plaintiff directly.

53. Defendant's repeated telephone calls to Plaintiff circumvented her counsel in an attempt to collect the Student Loan Debt, in violation of 15 U.S.C. §1692c(a)(2).

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging and declaring that Defendant violated 15 U.S.C. §1692d(2), 15 U.S.C. §1692d(6), 15 U.S.C. §1692e(11), and 15 U.S.C. §1692c(a)(2);

(c) Awarding Plaintiff and members of the Classes statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

(d) Awarding Plaintiff and members of both Classes actual damages sustained as a result of Defendant's violations, pursuant to 15 U.S.C. §1692k;

(e) Awarding Plaintiff and members of both Classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

(f) Enjoining Defendant from taking any of the violative actions referenced herein with regard to Plaintiff and the Classes;

  (g) Awarding Plaintiff and the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

  (h) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  August 16, 2013    Respectfully submitted,


*/s/ John F. Skinner, III*

**JOHN F. SKINNER, III**
SKINNER LAW PLLC
Massachusetts Bar No.:676768
530 Chestnut Street
Third Floor
Manchester, NH 03101
Telephone: 603.622.8100
Fax:888-912-1497
attorneyskinner@gmail.com
Counsel for Plaintiff and the proposed Classes

**JAMES L. DAVIDSON***
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@mgjdlaw.com
Counsel for Plaintiff and the proposed Classes

**AARON D. RADBIL***
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
Telephone: 888.595.9111 ext. 122
Fax: 866.577.0963
aradbil@attorneysforconsumers.com
Counsel for Plaintiff and the proposed Classes

* To seek admission pro hac vice

11